IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMY VIVERETTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-717-NJR-DGW |
| ) | |
| CHRISTINE BROOKS, UNKNOWN PARTY, ) | |
| TRAVIS JAMES, NOREEN BAKER, and ) | |
| STEVE DUNCAN, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Brooks, James, and Baker (Doc. 29) and the Motion for Summary Judgment filed by Defendant Duncan (Doc. 32) be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Jimmy Viverette, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center ("Lawrence"). More specifically, Plaintiff complains that he was denied adequate medical treatment for his leg

injury. After an initial screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on the following count:

> Count One: Defendants Christine Brooks, Nurse Jane Doe, Travis James, and Noreen Baker were deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment; Warden Duncan is a defendant in his official capacity for purposes of injunctive relief.

Defendants Baker, Brooks, and James and Defendant Duncan filed motions for summary judgment (Docs. 29 and 32) arguing Plaintiff failed to exhaust his administrative remedies prior to filing his lawsuit as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, *et seq.* While Defendants acknowledge Plaintiff filed a grievance on June 13, 2015 and a follow-up grievance on September 9, 2015, they contend that said grievances had not been fully exhausted prior to Plaintiff filing this lawsuit on July 1, 2015.

Specifically, Plaintiff's June 13, 2015 grievance, which complains of the events giving rise to this lawsuit, was filed as an emergency grievance and received by the Chief Administrative Officer ("CAO") for review on June 18, 2015 (Doc. 30-1, p. 1). The CAO found that an emergency was not substantiated and Plaintiff then submitted his grievance through the normal process (*Id.*). Plaintiff's counselor received this grievance on June 22, 2015 and provided a response on August 7, 2015 (*Id.*). There is no evidence that Plaintiff submitted this grievance to the Grievance Officer or CAO for a final review; however, it was stamped as "Received" by the Administrative Review Board ("ARB") on September 14, 2015 (*Id.*). The ARB sent its response to Plaintiff's grievance on October 1, 2015 explaining that the "[g]rievance would have been considered timely" if Plaintiff had forwarded it to the Grievance Officer when he received it back from his counselor (Doc. 30-5). Plaintiff was also instructed to provide a copy of the Grievance Officer's and CAO's response to the grievance. There is no

other documentation concerning this grievance.

Following the filing of his June 13, 2015 grievance, Plaintiff filed a grievance dated September 9, 2015 wherein Plaintiff complains that he did not receive the counselor's response to his previous grievance (presumably the June 13, 2015 grievance) until August 21, 2015, causing him to miss his deadlines (Doc. 30-2). This grievance was also stamped as "Received" by the ARB on September 14, 2015 (*Id.*). The ARB provided its response on October 1, 2015 explaining that Plaintiff's June 13, 2015 grievance would have been considered timely if he had submitted the grievance to the Grievance Officer and CAO for review (Doc. 30-5).

In conjunction with the filing of their motions for summary judgment, Defendants filed Rule 56 Notices informing Plaintiff of his obligation to file a response to the motions within thirty days and advising him of the perils of failing to respond (*see* Docs. 31 and 34). Defendants' notices also informed Plaintiff that his failure to file a response by the deadline may, in the Court's discretion, be considered an admission of the merits of the motion (*Id.*). Despite receiving adequate notice, Plaintiff has not responded to either of Defendants' motions.

## LEGAL STANDARDS

### *Summary Judgment Standard*

Summary judgment is proper only if the moving party can demonstrate "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.,* 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in

genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. The Seventh Circuit has stated summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

*Exhaustion Requirements under the PLRA*

The Prison Litigation Reform Act provides:

No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr*., 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. See

*Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id*. at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

*Exhaustion Requirements under Illinois Law*

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id*. § 504.810(b). The grievance officer is required to advise the CAO at the facility in writing of the findings on the grievance. *Id*. § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id*. § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the ARB for a final decision. *Id*. § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate's administrative remedies are not exhausted until the appeal is ruled on by the ARB. *See Id*. The ARB shall make a final determination of the grievance within six months after receipt of the

appealed grievance, where reasonably feasible under the circumstances. *Id*. § 504.850(f).

An inmate may request a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id*. § 504.840. If, after receiving a response from the CAO, an offender feels the grievance has not been resolved, he may appeal in writing to the ARB within 30 days after the date of the CAO's decision. *Id*. § 504.850(a).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id*. Prisoners are required only to provide notice to "responsible persons" about the complained of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

## CONCLUSIONS OF LAW

Pursuant to Local Rule, a party's failure to file a timely response to a motion may, in the

Court's discretion, be considered an admission of the merits of the motion. SDIL-LR 7.1(c). In this case, Plaintiff has not filed a response to Defendants' motions for summary judgment. Plaintiff was properly notified of his responsibility to do so, and was given ample time and opportunity. In these circumstances, a hearing to resolve factual disputes is not necessary, as Plaintiff has not contested the issue of exhaustion. *See Pavey,* 544 F.3d 739.

It is well-established that exhaustion of available administrative remedies is a precondition to bringing suit. *Dale* 376 F.3d at 655. Pursuant to the Illinois Administrative Code, an inmate's administrative remedies are not exhausted until the appeal of a grievance is ruled on by the ARB. ILL. ADMIN. CODE TIT. 20, § 504.850(a); *Dole*, 438 F.3d at 806-07. In this case, Plaintiff filed a grievance on June 13, 2015. Said grievance was marked as an emergency and submitted directly to the CAO for review. The CAO responded to the grievance on June 18, 2015 and Plaintiff was directed to submit the grievance in the normal manner. In accordance with this direction, Plaintiff submitted the grievance to his counselor who received it on June 22, 2015. Prior to receiving a response from his counselor, Plaintiff filed this lawsuit on July 1, 2015. While the Court acknowledges that Plaintiff's subsequent grievance, dated September 9, 2015, complained that he did not receive the counselor's response to his June, 2015 grievance until August 21, 2015, and thereby hindered his ability to exhaust, such argument is unavailing in this instance. While the Illinois Administrative Code does not indicate how long a counselor has to respond to a grievance once it is received, the Court is not convinced that eight days is a sufficient period of time for an inmate to conclude that his attempts to exhaust have been thwarted, especially considering a counselor may need to conduct some investigation into Plaintiff's complaints in order to render an appropriate response. Such a timeframe for providing

a response appears appropriate. While the Court notes that in this instance Plaintiff's counselor did not provide a response until August 7, 2015, the Court need not consider whether this is a sufficient delay to warrant a finding that Plaintiff was thwarted in his efforts to exhaust as Plaintiff had already filed suit before receiving the counselor's response. For these reasons, the Court finds that Plaintiff was premature in filing this lawsuit and failed to exhaust his administrative remedies before filing.

## RECOMMENDATIONS

For the foregoing reasons, it is hereby **RECOMMENDED** that the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Brooks, James, and Baker (Doc. 29) and the Motion for Summary Judgment filed by Defendant Duncan (Doc. 32) be **GRANTED**; that the Court **FIND** Plaintiff did not exhaust his administrative remedies prior to filing suit; that this action be **DISMISSED WITHOUT PREJUDICE**; and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: August 9, 2016**

                                                **DONALD G. WILKERSON**
                                                United States Magistrate Judge