IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMY VIVERETTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-717-NJR-DGW |
| | ) |
| CHRISTINE BROOKS, TRAVIS JAMES, | ) |
| NOREEN BAKER, and STEVE | ) |
| DUNCAN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald. G. Wilkerson (Doc. 36), which recommends that this Court grant the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Christine Brooks, Travis James, and Noreen Baker (Doc. 29) and grant the Motion for Summary Judgment filed by Defendant Duncan (Doc. 32). The Report and Recommendation was entered on August 9, 2016 (Doc. 36). No objections have been filed.

Plaintiff Jimmy Viverette filed this case on July 1, 2015, asserting that Defendants violated his constitutional rights while he was incarcerated at Lawrence Correctional Center ("Lawrence"). After an initial screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was permitted to proceed on the following count:

> Count One: Defendants Christine Brooks, Travis James, and Noreen Baker were deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment; (Warden Steve Duncan is a defendant in his official capacity

for purposes of injunctive relief).

Defendants Baker, Brooks, James, and Duncan have filed Motions for Summary Judgment (Docs. 29, 32) arguing that Plaintiff failed to exhaust his administrative remedies before bringing suit. These defendants assert that the two grievances filed by Plaintiff related to this matter were not exhausted prior to Plaintiff filing this lawsuit on July 1, 2015. Despite being warned of the perils of failing to respond to a motion for summary judgment (Docs. 31, 34), Plaintiff did not respond to either motion.

On August 9, 2016, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 36). Objections to the Report and Recommendation were due on or before August 26, 2016. As noted above, Plaintiff did not file an objection.

Where timely objections are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 291, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed Magistrate Judge Wilkerson's Report and

Recommendation. Magistrate Judge Wilkerson thoroughly discussed the evidence, and the Court fully agrees with his findings, analysis, and conclusions with respect to the issue of exhaustion.

Plaintiff was properly notified that a failure to respond to a motion for summary judgment may be considered an admission of the merits of the motion, but Plaintiff nevertheless failed to respond to both motions. Additionally, Plaintiff was premature in filing this lawsuit. Plaintiff's counselor received Plaintiff's grievance on June 22, 2015, and Plaintiff filed suit nine days later (on July 1, 2015), prior to receiving a response. Thus, the Court agrees with Magistrate Judge Wilkerson that Plaintiff failed to exhaust his administrative remedies.

Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 36), **GRANTS** the Motion for Summary Judgment filed by Defendants Brooks, James, and Baker (Doc. 29), and **GRANTS** the Motion for Summary Judgment filed by Defendant Duncan (Doc. 32). This action is **DISMISSED without prejudice** for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

DATED:   September 6, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**